ALD-094-E

**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 23-1284
_____

IN RE:  E. THOMAS SCARBOROUGH, III,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 5:18-cv-02436)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 17, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: February 28, 2023)
_____

OPINION[*]
_____

PER CURIAM

E. Thomas Scarborough, III, petitions pro se for a writ of mandamus in connection

with a civil rights lawsuit that he commenced in 2018 in the United States District Court

for the Eastern District of Pennsylvania against two Pennsylvania state courts (hereinafter

"the Defendants").  For the reasons that follow, we will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

## I.

Scarborough's civil rights lawsuit alleged that he and his ex-wife had litigated a child-custody case in Pennsylvania state court for over a decade, and that the Defendants had violated his rights in that case. In 2019, the District Court dismissed his lawsuit, concluding that the Defendants were immune from suit under the Eleventh Amendment. In 2020, we affirmed that judgment and denied Scarborough's motion "for mandamus relief for discovery and summary judgment." Scarborough v. Ct. Com. Pl. of Northampton Cnty., 794 F. App'x 238, 240 (3d Cir. 2020) (per curiam).

In December 2021, Scarborough filed in the District Court a "motion to vacate a judgement [sic] obtained by fraud on the court under F.R.C.P. 60(d)(3), for judicial notice, for expedited discovery, for preliminary injunctive relief, for partial summary judgement [sic] and for leave to file an amended complaint." The District Court denied that motion in September 2022. Later that month, Scarborough moved the District Court to alter or amend that judgment pursuant to Federal Rule of Civil Procedure 59(e). The Rule 59(e) motion remains pending, and Scarborough now seeks a writ of mandamus from us.

## II.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Those circumstances are not present here. To the extent that Scarborough's mandamus petition (1) challenges rulings made in state court or by the District Court, and/or (2) makes arguments that were either rejected by the District Court or remain

2

pending before that court, none of those challenges or arguments warrants mandamus relief. See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (explaining that a mandamus petitioner must show, inter alia, that "no other adequate means [exist] to attain the relief he desires" (alteration in original) (citation to quoted case omitted)); Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that mandamus is not a substitute for an appeal).

Nor is mandamus relief warranted based on the fact that Scarborough's Rule 59(e) motion remains pending before the District Court. Although the writ may issue when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," id. at 79, we cannot say at this juncture that those circumstances are present here, cf. id. (concluding that mandamus relief was not warranted in a habeas case where the petitioner's most recent filing had been pending before the district court for about eight months). We trust that the District Judge will rule on Scarborough's Rule 59(e) motion soon.[1] To the extent that Scarborough alleges that the District Judge is biased against him, we see no evidence of bias or any other reason that would require that judge's recusal from Scarborough's case. See 28 U.S.C. § 455 (setting forth standards of recusal); Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . .").

---

[1] Nothing in this opinion prevents Scarborough from filing a notice of appeal once the District Court rules on his Rule 59(e) motion. We take no position here on the merits of such an appeal.

We have carefully considered the remaining content in Scarborough's petition and conclude that none of it justifies granting a writ of mandamus.[2]  Accordingly, we will deny his petition.[3]

---

[2] Although Scarborough's 30-page petition mentions in passing certain provisions of the Crime Victims' Rights Act, 18 U.S.C. § 3771, that statute has no bearing on this case.

[3] Scarborough's request for oral argument is denied.  To the extent that he seeks any other relief from us, that relief is denied as well.